IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GILBERT GULICK,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LYNDEN, INC., a Washington Corporation, aka and dba LTI, Inc. and MILKY WAY; WEST POINT DAIRY, a Utah Corporation; and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | CV 16-39-BU-BMM-JCL<br><br>FINDINGS &<br>RECOMMENDATION |

Defendant West Point Dairy Products, LLC[1] ("West Point Dairy") moves under Federal Rule of Civil Procedure 12(b)(2) and (3) to dismiss for lack of personal jurisdiction, improper venue, and forum non conveniens. For the reasons set forth below, West Point Dairy's motion to dismiss for lack of personal jurisdiction should be granted.

I.　**Background**[2]

West Point Dairy is a limited liability company organized under the laws of the State of Wisconsin, and maintains its corporate headquarters in Greenwood,

---

[1] West Point Dairy Products, LLC is incorrectly identified as "West Point Dairy, a Utah Corporation," in the caption of the complaint. (Doc. 8-1, at 1).

[2] The following facts are taken from the Complaint and the affidavit submitted by West Point Dairy in support of its motion.

1

Wisconsin. (Doc. 8-1, ¶¶ 3, 4). West Point Dairy has three dairy manufacturing facilities, one located in West Point, Nebraska, the second in Hyrum, Utah, and the third in Richland Center, Wisconsin. (Doc. 8-1, ¶ 4). West Point Diary sells its dairy products to wholesale distributers, and does not ship goods into Montana. (Doc. 8-1, ¶ 4). West Point Dairy is not registered to do business in Montana, does not have any operations in Montana, and does not manufacture any goods in Montana. (Doc. 8-1, ¶¶ 3, 5). Nor does it procure any materials or supplies from Montana, or have any employees or agents in Montana. (Doc. 8-1, ¶¶ 4, 6).

Pro se Plaintiff Gilbert Gulick ("Gulick") is a Montana resident who was formerly employed as a truck driver for Defendant Lynden, Inc., ("Lynden") a Washington based corporation that conducts bulk milk hauling throughout the Northwestern United States. Gulick alleges he was harassed by one of West Point Dairy's female employees in October 2012, while delivering a load of cream to its facility in Hyrum, Utah. Gulick reported the incident to his supervisor, who assured Gulick he would discuss the incident with management at West Point Dairy. Gulick claims that when he made deliveries to West Point Dairy's Utah facility over the course of the next several months, he was subjected to acts of reprisal for reporting the harassment to his employer. In July 2013, Lynden terminated Gulick's employment based on what he claims were false allegations from West Point Dairy that he had been the perpetrator, rather than the victim, of harassment.

2

In June 2014, Gulick filed a complaint in state court, alleging a wrongful discharge claim against Lynden, a tortious interference claim against West Point Dairy, and a defamation claim against both defendants. Gulick subsequently agreed to voluntarily dismiss his claims against Lynden, and West Point Dairy removed the case to this Court based on diversity jurisdiction in July 2016. West Point Dairy moves to dismiss Gulick's complaint for lack of personal jurisdiction under Rule 12(b)(2) and for improper venue under Rule 12(b)(3).

## II. Rule 12(b)(2) Legal Standard

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal when a court lacks personal jurisdiction over the defendant. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). If the court addresses a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). While the plaintiff cannot simply rest on the bare allegations of the complaint, the court must take uncontroverted allegations in the complaint as true and resolve any conflicts in the affidavits in the plaintiff's favor. *Schwarzenegger*, 384 F.3d at 800; *Boschetto*, 539 F.3d at 1015. Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).

West Point Dairy filed its motion to dismiss on July 29, 2016. As of the date of these Findings and Recommendation, Gulick has not filed a response brief or otherwise submitted any materials opposing West Point Dairy's motion.

### III. Discussion

As a general rule, "personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). Where, as here, there is no federal rule or statute "governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 800 (9th Cir. 2004).

This means that to establish personal jurisdiction, Gulick must make a prima facie showing that: (1) the requirements of Montana's long-arm statute are met and; (2) the exercise of that jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. If the requirements of Montana's long-arm statute are not met, the Court need not address due process. *Poliseno v. Credit Suisse Securities (USA), LLC*, 2013 WL 1767951 *2 (D. Mont. Apr. 24, 2013); *Smith v. Bull Mountain Coal Properties*, 2008 WL 1733359 *4 (D. Mont. Apr. 14, 2008).

Montana's long arm statute is set forth in Rule 4(B)(1) of the Montana

4

Rules of Civil Procedure, and "embodies principles of both general and specific jurisdiction." *Poliseno*, 2013 WL 1767951 *2. General jurisdiction over a non-resident defendant may be had if the defendant is "found within the state of Montana." Rule 4(B)(1), M. R. Civ. P. A defendant is "found within" the state if it is "physically present in the state" or its "contacts with the state are so pervasive that [it] may be deemed to be physically present there." *Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998). "A nonresident defendant that maintains 'substantial' or 'continuous and systematic' contacts with the forum state is found within the state and may be subject to the state's jurisdiction even if the cause of action is unrelated to the defendant's activities within the forum." *Bi-Lo Foods, Inc.*, 955 P.2d at 157.

Even where a defendant maintains only minimum contacts with the forum state, specific long-arm jurisdiction may be established if the plaintiff's cause of action arises from any of the following activities:

(a) the transaction of business within Montana;

(b) the commission of any act resulting in accrual within Montana of a tort action;

(c) the ownership, use or possession of any property, or any interest therein, situated within Montana,

(d) contracting to insure any person, property or risk located within Montana at the time of contracting;

(e) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;

(f) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or

(g) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(B)(1)(a)-(g). *See also Bi-Lo Foods,* 955 P.2d at 157.

West Point Dairy is not subject to specific or general jurisdiction under Montana's long-arm statute. West Point Dairy does not have substantial or continuous and systematic contacts with Montana, which means it cannot be found within the state of Montana for purposes of general jurisdiction. It is not registered to do business in Montana, and does not maintain any operations or employees here. It does not ship any goods into Montana, does not procure any materials or supplies from here, and does not otherwise maintain a presence in Montana. (Doc. 8-1). Because West Point Dairy cannot be found in Montana, general personal jurisdiction is lacking.

Specific jurisdiction is also lacking. The allegedly tortious conduct Gulick complains of took place at West Point Dairy's facility in Hyrum, Utah. There is no reason to believe that any alleged conversations between West Point Dairy and Gulick's Washington-based employer would have taken place in Montana. Taking the allegations in the complaint as true, and construing them liberally in Gulick's favor, there is simply no indication that West Point Dairy engaged in any of the activities sufficient to confer specific jurisdiction.

Because Montana's long-arm statute does not confer personal jurisdiction

over West Point Dairy, the Court need not address whether exercising jurisdiction over West Point Dairy would comport with due process. And because dismissal for lack of personal jurisdiction is proper, the Court need not address West Point Dairy's motion to dismiss under Rule 12(b)(3) for improper venue and forum non conveniens.

### III. Conclusion

For the reasons set forth above,

IT IS RECOMMENDED that West Point Dairy's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction be GRANTED.

DATED this 7th day of October, 2016.

Jeremiah C. Lynch
United States Magistrate Judge