# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

|  |  |
|---|---|
| GILBERT GULICK,<br><br>                Plaintiff,<br>  vs.<br><br>LYNDEN, INC., a Washington Corporation, aka and dba LTI, Inc. and MILKY WAY; WEST POINT DAIRY, a Utah Corporation; and DOES 1-10 inclusive,<br><br>                Plaintiff. | CV 16-39-BU-BMM-JCL<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Defendant West Point Dairy Products, LLC ("West Point Dairy") moves to dismiss pro se Plaintiff Gilbert Gulick's complaint for lack of personal jurisdiction under Rule 12(b)(2). United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter. (Doc. 17.) Judge Lynch recommended that the Court grant West Point Dairy's motion. No objections have been filed.

1

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

## **BACKGROUND**

Gulick is a Montana resident who was formerly employed as a truck driver for Defendant Lynden, Inc. ("Lynden"), a Washington-based corporation that conducts bulk milk hauling throughout the Northwestern United States. Gulick alleges that Lynden terminated his employment based on false allegations of sexual harassment by a female employee of West Point Dairy in Hyrum, Utah. Gulick filed a complaint alleging a wrongful discharge claim against Lynden, a tortious interference claim against West Point Dairy, and a defamation claim against both defendants.

West Point Dairy is a Wisconsin limited liability company headquartered in Greenwood, Wisconsin. West Point Dairy has three dairy manufacturing facilities located in West Point, Nebraska, Hyrum, Utah, and Richland Center, Wisconsin. West Point Diary sells its products to wholesale distributers. West Point Dairy ships no goods into Montana. West Point Dairy is not registered to do business in Montana, does not have any operations in Montana, and does not manufacture any goods in Montana. And West Point Dairy does not procure any materials or supplies from Montana, or have any employees or agents in Montana.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal when a court lacks personal jurisdiction over the defendant. As a general rule, "personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). Montana's long arm statute is set forth in Rule 4(B)(1) of the Montana Rules of Civil Procedure, and "embodies principles of both general and specific jurisdiction." *Poliseno v. Credit Suisse Securities (USA), LLC,* 2013 WL 1767951 *2 (D. Mont. Apr. 24, 2013).

West Point Dairy is not subject to specific or general jurisdiction under Montana's long-arm statute. West Point Dairy does not have substantial or continuous and systematic contacts with Montana, which means it cannot be found within the state of Montana for purposes of general jurisdiction. Rule 4(B)(1), M. R. Civ. P.; *Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998). It is not registered to do business in Montana, and does not maintain any operations or employees here. It does not ship any goods into Montana, does not procure any materials or supplies from here, and does not otherwise maintain a presence in

Montana. West Point Dairy cannot be found in Montana. As a result, this Court lacks general personal jurisdiction.

The Court also lacks specific jurisdiction. Mont. R. Civ. P. 4(B)(1)(a)-(g); *Bi-Lo Foods,* 955 P.2d at 157. The allegedly tortious conduct of which Gulick complains took place at West Point Dairy's facility in Hyrum, Utah. No reason exists to believe that any alleged conversations between West Point Dairy and Gulick's Washington-based employer would have taken place in Montana. Taking the allegations in the complaint as true, and construing them liberally in Gulick's favor, there is no indication that West Point Dairy engaged in any of the activities sufficient to confer specific jurisdiction.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 17) is **ADOPTED IN FULL**. West Point Dairy's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is **GRANTED**. The claims in this case related to West Point Dairy Products, LLC are **DISMISSED WITHOUT PREJUDICE**.

Dated this 16th day of November, 2016.

_____
Brian Morris
United States District Court Judge